Oscar Stilley, Att'y at Law Central Mall Plaza, Ste. 516 5111 Rogers Avenue Fort Smith, AR 72903-2041
Dear Mr. Stilley:
This is in response to your request for certification, pursuant to A.C.A. § 7-9-107 (Repl. 1993), of the following popular name and ballot title for a proposed constitutional amendment:
 (Popular Name) AN AMENDMENT TO RESTRUCTURE THE ARKANSAS HIGHWAY COMMISSION, TO EARMARK CERTAIN FUNDS FOR HIGHWAY CONSTRUCTION, AND TO PROHIBIT THE DIVERSION OF HIGHWAY FUNDS TO OTHER USES, TO REDUCE THE RATE OF TAX UPON MOTOR FUEL, AND FOR OTHER PURPOSES
 (Ballot Title) HENCEFORTH, THE MEMBERS OF THE ARKANSAS HIGHWAY COMMISSION SHALL BE SELECTED BY ELECTING ONE COMMISSIONER FROM EACH UNITED STATES CONGRESSIONAL DISTRICT, BY ELECTION AT EACH REGULARLY SCHEDULED STATEWIDE ELECTION, FOR TERMS OF TWO YEARS EACH; PROVIDING THAT DURING SUCH TIMES THAT THE NUMBER OF HIGHWAY COMMISSION MEMBERS SELECTED BY THIS PROCESS IS AN EVEN NUMBER, THE GOVERNOR SHALL APPOINT ONE ADDITIONAL MEMBER, TO SERVE THE SAME TERM AS ELECTED MEMBERS; PROVIDING THAT THE TERMS OF ALL MEMBERS OF THE ARKANSAS HIGHWAY COMMISSION SHALL COMMENCE ON JANUARY 1, AND SHALL END ON DECEMBER 31 OF THE SUBSEQUENT YEAR; PROVIDING THAT EACH COMMISSIONER SHALL RECEIVE AN ANNUAL SALARY OF $25,000, UNLESS INCREASED BY THE ARKANSAS GENERAL ASSEMBLY, AND REASONABLE EXPENSE AND PER DIEM ALLOWANCES FOR THE ATTENDANCE OF MEETINGS OR THE PERFORMANCE OF OFFICIAL DUTIES; PROVIDING THAT THE MEMBERS OF THE ARKANSAS HIGHWAY COMMISSION SHALL OVERSEE AND DIRECT THE ARKANSAS HIGHWAY DEPARTMENT SO AS TO PROVIDE, TO THE EXTENT REASONABLY POSSIBLE, THE HIGHEST QUALITY ROADWAYS AT THE LOWEST COST AND LEAST INCONVENIENCE TO THE TAXPAYERS OF THE STATE OF ARKANSAS; PROVIDING THAT THE ARKANSAS HIGHWAY COMMISSION SHALL ALSO CAUSE THE ARKANSAS HIGHWAY DEPARTMENT TO PROVIDE INFORMATION VIA THE INTERNET SHOWING THE RECEIPTS AND EXPENDITURES OF THE ARKANSAS HIGHWAY DEPARTMENT, CONTRACTS TO BE LET, PROPOSED ROADWAYS WITH SPECIFICATIONS AND PROJECTED COSTS, AND OTHER INFORMATION, OR ACCESS TO SAME, USEFUL TO OR SOUGHT BY THE PUBLIC, TO THE EXTENT REASONABLY PRACTICAL; PROVIDING THAT NEITHER THE GENERAL ASSEMBLY NOR ANY LOCAL GOVERNMENTAL ENTITY MAY DIVERT FUEL TAXES OR OTHER REVENUE SOURCES PRESENTLY USED FOR ROAD OR BRIDGE CONSTRUCTION OR MAINTENANCE TO OTHER PURPOSES, WITHOUT THE APPROVAL OF A MAJORITY OF THE QUALIFIED ELECTORS, OF THE STATE OR THE AFFECTED LOCAL GOVERNMENTAL ENTITY, FREELY VOTING AT THEIR ABSOLUTE UNFETTERED DISCRETION UPON THE ISSUE AT A REGULARLY SCHEDULED STATEWIDE ELECTION; PROVIDING THAT THE TERM" MAJORITY OF THE QUALIFIED ELECTORS" MEANS A MAJORITY OF THE QUALIFIED ELECTORS WHO ACTUALLY APPEAR AND VOTE UPON THE QUESTION PRESENTED AT THE ELECTION AT WHICH THE PERTINENT QUESTION IS DECIDED; PROVIDING THAT ALL REVENUE DERIVED FROM FINES OR COSTS FOR ANY AND ALL TRAFFIC VIOLATIONS, INCLUDING BUT NOT LIMITED TO SPEEDING, DWI, OVERWEIGHT VEHICLES, ETC., SHALL BE USED EXCLUSIVELY FOR THE CONSTRUCTION OR MAINTENANCE OF PUBLIC STREETS, ROADS, AND HIGHWAYS, WITH THE ARKANSAS HIGHWAY DEPARTMENT RECEIVING 60% OF SUCH REVENUES FOR STATE HIGHWAY PURPOSES, AND WITH THE REMAINDER PAID OVER TO CITIES AND COUNTIES, DIVIDED EQUALLY ON A PER CAPITA BASIS; PROVIDING THAT THE EXPENSES OF PROSECUTION OF TRAFFIC VIOLATIONS SHALL BE PAID OUT OF THE STATE TREASURY, EXCEPT TO THE EXTENT THAT THE GENERAL ASSEMBLY SHALL BY GENERAL LAW REQUIRE ALL OR PART OF SUCH COSTS TO BE PAID BY COUNTIES, CITIES, OR TOWNS; PROVIDING THAT ALL STATE SALES AND USE TAX REVENUE DERIVED FROM THE SALE OR USE OF AUTOMOBILES, TRUCKS, AND TRAILERS LICENSED FOR HIGHWAY USE SHALL BE USED EXCLUSIVELY FOR THE CONSTRUCTION AND MAINTENANCE OF PUBLIC STREETS, ROADS, AND HIGHWAYS; PROVIDING THAT THE ARKANSAS HIGHWAY DEPARTMENT SHALL RECEIVE 100% OF ALL SUCH FUNDS DERIVED FROM THE SALE OR USE OF TRUCKS OR TRAILERS DESIGNED FOR OPERATION AT GROSS WEIGHTS EXCEEDING 50,000 POUNDS, AND 60% OF SUCH FUNDS AS TO ALL OTHER VEHICLES; PROVIDING THAT THE REMAINING 40% AS TO LIGHT VEHICLES SHALL BE PAID OVER TO THE COUNTY OR CITY IN WHICH THE PURCHASER OF THE VEHICLE RESIDES AT THE TIME OF THE PURCHASE, TO BE USED EXCLUSIVELY FOR ROAD, STREET, OR HIGHWAY CONSTRUCTION OR MAINTENANCE, PROVIDING THAT ALL LICENSE, TAG AND REGISTRATION FEES OR CHARGES FOR AUTOMOBILES, TRUCKS, AND TRAILERS, COLLECTED BY THE sTATE OF aRKANSAS, SHALL BE USED EXCLUSIVELY FOR THE CONSTRUCTION AND MAINTENANCE OF PUBLIC STREETS, ROADS, AND HIGHWAYS; PROVIDING THAT ALL SUCH REVENUE DERIVED FROM THE LICENSING, TAGGING, OR REGISTRATION OF TRUCKS OR TRAILERS DESIGNED FOR OPERATION AT GROSS WEIGHTS EXCEEDING 50,000 POUNDS, AND 50% OF SUCH FUNDS AS TO ALL OTHER VEHICLES, SHALL BE PAID OVER TO THE ARKANSAS HIGHWAY DEPARTMENT; PROVIDING THAT THE REMAINING 50% AS TO LIGHT VEHICLES SHALL BE PAID OVER TO THE COUNTY OR CITY IN WHICH THE PURCHASER OF THE VEHICLE RESIDES AT THE TIME OF THE PURCHASE, TO BE USED EXCLUSIVELY FOR ROAD, STREET, OR HIGHWAY CONSTRUCTION OR MAINTENANCE; PROVIDING THAT ALL FEES OR CHARGES FOR LICENSES FOR OPERATORS OF MOTOR VEHICLES ON PUBLIC HIGHWAYS SHALL BE PAID OVER TO THE COUNTY OR CITY IN WHICH THE OPERATOR RESIDES AT THE TIME OF THE LICENSE ISSUANCE, TO BE USED EXCLUSIVELY FOR ROAD, STREET, OR HIGHWAY CONSTRUCTION OR MAINTENANCE, WITH COSTS OF COLLECTION TO BE PAID BY THE STATE OUT OF GENERAL REVENUE; REDUCING THE STATE TAX ON DIESEL SHALL BE REDUCED BY 5 CENTS PER GALLON; REDUCING THE STATE TAX ON GASOLINE BY 4 CENTS PER GALLON; PROVIDING THAT ALL SUCH TAX REDUCTIONS SHALL BE MADE OUT OF TAX REVENUES NOT PLEDGED AS SECURITY FOR THE RETIREMENT OF ANY BONDED INDEBTEDNESS; PROVIDING THAT ALL SUCH REDUCTIONS SHALL TAKE EFFECT ON DECEMBER 1, 2000; PROVIDING FOR LIBERAL CONSTRUCTION IN FAVOR OF THE TAXPAYER, SEVERABILITY, AND GENERAL REPEALER OF CONFLICTING PROVISIONS; PROVIDING THAT THE AMENDMENT IS SELF-EXECUTING; AND SHALL TAKE EFFECT JANUARY 1, 2001, EXCEPT AS OTHERWISE PROVIDED, AND EXCEPT THAT THE POPULAR ELECTION OF HIGHWAY COMMISSIONERS SHALL BE IMPLEMENTED AT THE FIRST SPECIAL OR GENERAL STATEWIDE ELECTION HELD AFTER THE EFFECTIVE DATE OF THIS AMENDMENT; PROVIDING THAT THE GENERAL ASSEMBLY SHALL NOT BE COMPELLED TO CALL A SPECIAL ELECTION PRIOR TO THE NOVEMBER, 2002 GENERAL ELECTIONS FOR THE SOLE PURPOSE OF ELECTING HIGHWAY COMMISSIONERS; AND FOR OTHER PURPOSES
The Attorney General is required, pursuant to A.C.A. § 7-9-107, to certify the popular name and ballot title of all proposed initiative and referendum acts or amendments before the petitions are circulated for signature. The law provides that the Attorney General may substitute and certify a more suitable and correct popular name and ballot title, if he can do so, or if the proposed popular name and ballot title are sufficiently misleading, may reject the entire petition.
A.C.A. § 7-9-107 neither requires nor authorizes this office to make legal determinations concerning the merits of the act or amendment, or concerning the likelihood that it will accomplish its stated objective. Consequently, this review has been limited to a determination, pursuant to the guidelines that have been set forth by the Arkansas Supreme Court, discussed below, of whether the proposed popular name and ballot title accurately and impartially summarize the provisions of your proposed amendment.
The purpose of my review and certification is to ensure that the popular name and ballot title honestly, intelligibly, and fairly set forth the purpose of the proposed amendment. See Arkansas Women's Political Caucusv. Riviere, 282 Ark. 463, 466, 677 S.W.2d 846 (1984).
The popular name is primarily a useful legislative device. Pafford v.Hall, 217 Ark. 734, 233 S.W.2d 72 (1950). It need not contain detailed information or include exceptions that might be required of a ballot title, but it must not be misleading or give partisan coloring to the merit of the proposal. Chaney v. Bryant, 259 Ark. 294, 532 S.W.2d 741
(1976); Moore v. Hall, 229 Ark. 411, 316 S.W.2d 207 (1958). The popular name is to be considered together with the ballot title in determining the ballot title's sufficiency. Id.
The ballot title must include an impartial summary of the proposed amendment that will give the voter a fair understanding of the issues presented. Hoban v. Hall, 229 Ark. 416, 417, 316 S.W.2d 185 (1958); Beckerv. Riviere, 270 Ark. 219, 223, 226, 604 S.W.2d 555 (1980). According to the court, if information omitted from the ballot title is an "essential fact which would give the voter serious ground for reflection, it must be disclosed." Bailey v. McCuen, 318 Ark. 277, 285, 884 S.W.2d 938 (1994), citing Finn v. McCuen, 303 Ark. 418, 798 S.W.2d 34 (1990); Gaines v.McCuen, 296 Ark. 513, 758 S.W.2d 403 (1988); Hoban v. Hall, supra; andWalton v. McDonald, 192 Ark. 1155, 97 S.W.2d 81 (1936). At the same time, however, a ballot title must be brief and concise (see A.C.A. §7-9-107(b)); otherwise voters could run afoul of A.C.A. § 7-5-522's five minute limit in voting booths when other voters are waiting in line.Bailey v. McCuen, supra. The ballot title is not required to be perfect, nor is it reasonable to expect the title to cover or anticipate every possible legal argument the proposed measure might evoke. Plugge v.McCuen, 310 Ark. 654, 841 S.W.2d 139 (1992). The title, however, must be free from any misleading tendency, whether by amplification, omission, or fallacy; it must not be tinged with partisan coloring. Id. A ballot title must convey an intelligible idea of the scope and significance of a proposed change in the law. Christian Civic Action Committee v. McCuen,318 Ark. 241, 884 S.W.2d 605 (1994). It has been stated that the ballot title must be: 1) intelligible, 2) honest, and 3) impartial. Becker v.McCuen, 303 Ark. 482, 798 S.W.2d 71 (1990), citing Leigh v. Hall,232 Ark. 558, 339 S.W.2d 104 (1960).
Having analyzed your proposed amendment, as well as your proposed popular name and ballot title under the above precepts, it is my conclusion that I must reject your proposed ballot title due to a number of ambiguities in the text of your proposed measure. A number of additions or changes to your ballot title are, in my view, necessary in order to more fully and correctly summarize your proposal. I cannot, however, at this time, fairly or completely summarize the effect of your proposed measure to the electorate in a popular name or ballot title without the resolution of the ambiguities. I am therefore unable to substitute and certify a more suitable and correct ballot title pursuant to A.C.A. § 7-9-107(b).
I refer to the following ambiguities:
 1. Section 4 (B) of your proposal, which earmarks certain funds for highway purposes, provides in pertinent part as follows: "All revenue derived from fines or costs for any and all traffic violations, including but not limited to speeding, DWI, overweight vehicles, etc., shall be used exclusively for the construction or maintenance of public streets, roads, and highways. The Arkansas Highway Department shall receive 60% of such revenue for state highway purposes, with the remainder paid over to cities and counties, divided equally on a per capita basis." (Emphasis added). It is unclear how the emphasized portion of this sentence is to be applied. As an initial matter, the words "equal" and "on a per capita basis" are contradictory. Funds may not be divided both equally and on a per capita basis. Additionally, it is unclear whether the division of funds to cities and counties on a "per capita basis" is to be calculated on a statewide basis or a county-by-county basis, or on some other basis. If on a statewide basis, it is unclear how this division of funds will be administered.
 2. The last sentence of Section 4(B) of your proposal, which is not quoted above, provides that: "The expenses of prosecution of traffic violations shall be paid out of the State Treasury, except to the extent that the General Assembly shall by general law require all or a part of such costs to be paid by counties, cities, or towns." If the General Assembly takes no action, it is unclear exactly what expenses must be borne by the State Treasury. Your proposal requires the expenses of prosecuting traffic violations to be paid by the State Treasury. This could potentially include all or a portion of the salaries of officials and support staff of prosecuting attorneys and city attorneys, facilities and supplies used by such officials and other expenses. It is unclear how this amount will be determined in absence of action by the General Assembly.
 3. Section 4 (D) of your proposal provides as follows: "All license, tag and registration fees or charges for automobiles, trucks, and trailers, collected by the State of Arkansas, shall be used exclusively for the construction and maintenance of public streets, roads, and highways. All such revenue derived from the licensing, tagging, or registration of trucks or trailers designed for operation at gross weights exceeding 50,000 pounds, and 50% of such funds as to all other vehicles, shall be paid over to the Arkansas Highway Department. The remaining 50% as to light vehicles shall be paid over to the county or city in which the purchaser of the vehicle resides at the time of the purchase, to be used exclusively for road, street, or highway construction or maintenance." (Emphasis added). The emphasized provision assumes that all vehicles licensed, tagged, or registered in Arkansas were purchased in Arkansas. The disposition of such funds as to vehicles purchased out-of-state is not addressed. I am thus uncertain how to summarize this portion of your proposal. Additionally, I assume that it is your intention to allocate such revenues to a city where the operator resides in a city, and to the county if the operator resides outside the limits of city. The current language used is ambiguous on this point, however. In many cases, purchasers of vehicles may reside in both a city and a county. In addition, a question arises as to whether the use of the word "city" includes incorporated towns.
 4. Section 4(E) of your proposal states in pertinent part that: "All fees or charges for licenses for operators of motor vehicles on public highways shall be paid over to the county or city in which the operator resides at the time of license issuance, to be used exclusively for road, street, or highway construction or maintenance." Again, I assume that it is your intention to allocate such revenues to a city where the operator resides in a city, and to the county if the operator resides outside the limits of a city. The current language used is ambiguous on this point. In addition, again, a question arises as to whether the use of the word "city" includes incorporated towns.
My office, in the certification of ballot titles and popular names, does not concern itself with the merits, philosophy, or ideology of proposed measures. I have no constitutional role in the shaping or drafting of such measures. My statutory mandate is embodied only in A.C.A. § 7-9-107
and my duty is to the electorate. I am not your counsel in this matter and cannot advise you as to the substance of your proposal.
At the same time, however, the Arkansas Supreme Court, through its decisions, has placed a practical duty on the Attorney General, in exercising his statutory duty, to include language in a ballot title about the effects of a proposed measure on current law. See, e.g., Finnv. McCuen, 303 Ark. 418, 793 S.W.2d 34 (1990). Where the effects of a proposed measure on current law are unclear or ambiguous, it is impossible for me to perform my statutory duty to the satisfaction of the Arkansas Supreme Court without clarification of the ambiguities.
My statutory duty, under these circumstances, is to reject your proposed ballot title, stating my reasons therefor, and to instruct you to "redesign" the proposed measure and ballot title. See A.C.A. §7-9-107(c). You may, after clarification of the matters discussed above, resubmit your proposed amendment, along with a proposed popular name and ballot title, at your convenience. I anticipate, as noted above, that some changes or additions to your submitted ballot title may be necessary. I will be pleased to perform my statutory duties in this regard in a timely manner after resubmission.
Sincerely,
MARK PRYOR Attorney General
MP:cyh